IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD KEMONI PETERSON, | No. 2:22-CV-0510-DJC-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECCOMENDATIONS |
| CHAD BOWEN, et al., | |
| Defendants. | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 15.

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's first amended complaint.  ECF No. 15.  Plaintiff is a prisoner at California Medical Facility (CMF).  See id. at 1.  The defendants are: (1) Chad Bowen, a correctional officer at CMF; (2) D.E. Cueva, the warden at CMF; (3) Fletcher, a correctional officer at CMF; and (4) Nedelcu, a correctional officer at CMF.  Id. at 2.

Plaintiff's first claim alleges a violation of the Fourteenth Amendment's Due Process Clause through a deprivation of exculpatory evidence.  Id. at 3.  Plaintiff states that Defendant "Bowen allege[d] he pulled an object through the grate" of Plaintiff's vent.  Id. The object was determined to be a "manufactured deadly weapon" made of a thin piece of metal that was sharpened to a point on one side and wrapped in string on the other.  Id.  While Defendant Bowen took pictures of the item, he did not take pictures of the grate itself, nor the alleged string hanging from the grate to which the weapon was attached.  Id.  If he had, Plaintiff asserts the resulting photographs would show that the string-side of the weapon would not fit through the grate.  Id.

Plaintiff also notes that Officer Osuna, who is not named as a defendant in this claim, allegedly provided Defendant Bowen with Plaintiff's twenty-seven questions regarding the incident, and that only two of the questions' answers were recorded, as those questions were deemed to be relevant.  Id.  Plaintiff further notes that Defendant Nedelcu, who is alleged to be the other witnessing officer when the weapon was discovered, was allegedly asked thirteen of Plaintiff's questions by Officer Osuna and all were answered with "staff unavailable."  Id.

Plaintiff contends that the above facts deprived him of exculpatory evidence needed to prepare his case, and further, that Plaintiff had an "impartial hearing officer violate due process clause and 14th [amendment] of U.S. [the Constitution]." Id.

In Plaintiff's second claim, Plaintiff complains of being placed in "adseg" (administrative segregation) for ten months such that it was impossible for him to perform a personal investigation into his own case. Id. at 4. Plaintiff contends that because of this limitation, an investigative employee (IE) investigated the matter in Plaintiff's stead, and the IE failed to take a photo of the grate referenced in Plaintiff's first claim. Id.; see id. at 3. Plaintiff argues that this photo would have demonstrated that the weapon could not fit through the holes in the grate, and failure to obtain this photo led to a miscarriage of justice. Id.

Plaintiff states that as a result of the above, he spent close to one year in adseg, lost contact with his family, lost property during his transfer that was never recovered, was transferred to a higher prison security level, spent 2.5 months on suicide watch before he was transferred to an E.O.P. program, and lost employment and programs. Id. Plaintiff cites 15 California Code of Regulations section 3320 and Wolff v. McDonnell, 418 U.S. 539 (1974). Id.

Plaintiff's final claim states that Lieutenant Footman, who is not named as a defendant in this case, informed Plaintiff that Defendant Bowen has never been accused of "framing" inmates. Id. at 5. However, Plaintiff contends that two other inmates he spoke to in administrative segregation claimed that Defendant Bowen had "framed" them, but that these inmates were never called to have their testimony heard during Plaintiff's hearing. Id.

Plaintiff posits that when Defendant Bowen took Plaintiff to the cage and handcuffed Plaintiff, in the presence of Lieutenant Footman, Defendant told Plaintiff that the former had found a knife in Plaintiff's windowsill. Id. Plaintiff alleges that the other inmates he had spoken to in administrative segregation also told Plaintiff that Defendant had found knives in their windowsills. Id. However, when Plaintiff received the paperwork for the incident, the report read that the weapon was found in Plaintiff's vent. Id. Plaintiff claims that prior to receiving the rules violation report (RVR), Plaintiff told others he spoke to over the phone that Defendant Bowen was "setting up a bunch of people with knives and all his [RVRs] were

identical." Id. Plaintiff also contends that Defendant Bowen told Plaintiff he would "suffer reprisals" due to Plaintiff "disrespecting [Defendant's] partner." Id.

Plaintiff claims the above constitutes a failure to call/subpoena a witness. Plaintiff contends his Fourth Amendment rights were violated, and that he was harmed through close to one year in administrative segregation, loss of his "level status of prison security, loss of his property during the transfer, caused him to be frightened of police brutality, caused him to be put on suicide watch "ending in E.O.P." and caused him to lose his job and program. Id. at 6.

Attached to Plaintiff's complaint is a memorandum from Associate Warden Snelling ordering a rehearing of the RVR because the investigative employee failed to interview all witnesses for a fair hearing. Id. at 26.

## II. DISCUSSION

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question ". . . is within the normal limits or range of custody which the conviction has authorized the State to impose." Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405. Applying this standard, the Supreme Court has concluded that the Constitution itself provides no liberty interest in good-time

credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983).

In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. See Sandin v. Connor, 515 U.S. 472, 481-84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84. Prisoners in California have a liberty interest in the procedures used in prison disciplinary hearings where a successful claim would not necessarily shorten the prisoner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate release from prison were cognizable under § 1983).

Finally, with respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418 U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached."

1  Id. at 455-56.  However, a due process claim challenging the loss of good-time credits as a result
2  of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by
3  way of habeas corpus.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).
4  　　　　　Plaintiff argues that his Fourteenth Amendment due process rights were violated
5  because he was not provided with exculpatory evidence.  ECF No. 15 at 3.  Plaintiff's desired
6  exculpatory evidence includes a picture of the grate in his cell and answers to questions he asked
7  to a corrections officer.  Id.
8  　　　　　 As previously explained in the first order screening Plaintiff's claims, Plaintiff
9  would need to allege a lack of a written statement explaining the charges at least 24 hours before
10  the disciplinary hearing or the inability to present evidence and call witnesses for his claim to
11  survive.  See Wolff, 418 U.S. at 563-70.  Plaintiff's complaint does not contain those allegations.
12  See ECF No. 15.  Instead, the facts in the amended complaint show Plaintiff was given ample
13  opportunity to prepare a defense and to gather information from witnesses— Plaintiff was
14  assigned an investigative officer to assist him.  See ECF No. 15 at 3.  To the extent Plaintiff did
15  not get all the answers and evidence he was hoping for, that lack of evidence is not sufficient to
16  state a due process claim.  See Wolff, 418 U.S. at 563-70.
17  　　　　　Further complicating matters, Plaintiff refuses to address the memorandum by the
18  Associate Warden as directed in the first screening order.  See ECF 13 at 10-11.  The Associate
19  Warden ordered rehearing of Plaintiff's matter so further investigation could be made.  ECF No.
20  15 at 26.  However, Plaintiff does not discuss the rehearing in his complaint, leaving this Court
21  devoid of information needed to properly adjudicate Plaintiff's claim.  See ECF No. 15.  Because
22  Plaintiff did not cure his claim and did not provide the Court with requested information, Plaintiff
23  appears unable or unwilling to provide grounds for his claim to proceed.
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 7, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE