1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    RONALD KEMONI PETERSON,                    No.  2:22-CV-0510-DJC-DMC-P

12                    Plaintiff,

13           v.                                    <u>FINDINGS AND RECOMMENDATIONS</u>

14    CHAD BOWEN, et al.,

15                    Defendants.

16

17           Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's second amended complaint.  <u>See</u> ECF

19    No. 25.

20           The Court is required to screen complaints brought by prisoners seeking relief

21    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22    § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

23    initiated even if the litigant was subsequently released from custody.  <u>See</u> <u>Olivas v. Nevada ex rel.</u>

24    <u>Dep't of Corr.</u>, 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

25    portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

26    be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u>

27    28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

28    complaints contain a ". . . short and plain statement of the claim showing that the pleader is

                                                    1

entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice

of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,

1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity

overt acts by specific defendants which support the claims, vague and conclusory allegations fail

to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening

required by law when the allegations are vague and conclusory.

# I. BACKGROUND

### A.    Procedural History

Plaintiff initiated this action with a pro se complaint filed on March 18, 2022.  See

ECF No. 1.  On June 28, 2022, the Court addressed the sufficiency of Plaintiff's complaint and

concluded that Plaintiff failed to state any cognizable claims.  See ECF No. 13.  Plaintiff was

provided leave to amend.  See id.  Plaintiff filed his first amended complaint on August 1, 2022.

See ECF No. 15.  Subsequently, the Court issued findings and recommendations that the action

be dismissed for failure to state a claim.  See ECF No. 20.  Plaintiff filed objections.  See ECF

No. 21.

On March 8, 2024, the District Judge adopted the findings and recommendations

substantively, but rather than dismissing the action the District Judge afforded Plaintiff one

additional opportunity to amend.  See ECF No. 22.  Specifically, the District Judge noted

allegations contained within Plaintiff's objections which, if included in an amended complaint,

could support a due process violation.  See id. at 2.  The District Judge dismissed the first

amended complaint and directed Plaintiff to file a second amended complaint within 30 days.

See id.  The District Judge stated:

> . . .Plaintiff's objections contain allegations concerning re-hearings
> of Plaintiff's initial disciplinary hearing which were not included in
> Plaintiff's First Amended Complaint. It is possible that these allegations
> could support a due process claim.

Therefore, Plaintiff will be granted an opportunity to amend his First Amended Complaint in order to fully incorporate his allegations concerning these re-hearings, as well as to address any other pleading deficiencies noted in the Magistrate Judge's Findings and Recommendations. Plaintiff is advised that failure to address these pleading deficiencies may result in dismissal of his action without leave to amend.

ECF No. 22, pg. 2.

Plaintiff timely filed his second amended complaint on April 22, 2024.  See ECF No. 25.

**B.     Plaintiff's Allegations**

Plaintiff names the following as defendants in the second amended complaint: (1) D.E. Cueva, Warden of the California Medical Facility (CMF); (2) Chad Bowen, a Correctional Officer at CMF; (3) Fletcher, a Correctional Officer at CMF; and (4) Nedelcu, a Correctional Officer at CMF.[1]  See ECF No. 25, pg. 2.  Plaintiff generally alleges due process violations in the context of a disciplinary hearing.

In his first claim, Plaintiff alleges that Defendant Bowen conducted a search of Plaintiff's cell where Bowen found an inmate-manufactured weapon.  See id. at 3.  The weapon was found in the chase of the vent in Plaintiff's cell.  See id.  According to Plaintiff, when the weapon was confiscated, Defendant Bowen took a photograph of the contraband, which Plaintiff states shows that it would have been impossible for the weapon to be put through the vent.  See id.  Plaintiff alleges, without further factual assertions, that this was a "set-up crime."  Id. at 4.

In his second claim, Plaintiff alleges that he was denied a fair hearing on a rules violation report (RVR) issued against Plaintiff based on possession of contraband.  See id. at 5. Plaintiff states that, after issuance of the RVR, he was placed in administrative segregation, which made it impossible for him to conduct any investigation prior to the RVR disciplinary hearing. See id.  Plaintiff states that, because of this, he was assigned an investigative employee.  See id. Plaintiff claims that the assigned investigative employee failed to take photographs of the vent

---

[1]     These are the same four defendants as were named in the first amended complaint. M. Osuna, D. Footman, Orman, and Bettis, who were named as defendants in the original complaint and who are listed on the docket, are no longer named in the second amended complaint.

1   which would have shown that the opening was too narrow for Plaintiff to have concealed a

2   weapon in the vent.  See id.  Plaintiff states that he was found guilty of the RVR.  See id.

3   Plaintiff does not name the assigned investigative employee or describe the punishment he

4   received.

5          In his third claim, Plaintiff alleges that evidence used against him at the RVR

6   hearing was "tainted."  Id. at 7.  Plaintiff alleges that Lieutenant Footman – who is no longer

7   named as a defendant to this action – told Plaintiff that "c/o Bowens naver [sic] have been

8   accused of framing inmates."  Id.  Plaintiff further alleges that Footman was present when

9   Defendant Bowens found the weapon in Plaintiff's cell.  See id.

10          Attached to Plaintiff's second amended complaint are documents indicating that

11   the original RVR had been reissued because the "IE [investigative employee] failed to interview

12   all witnesses for a fair hearing. . . ."  Id. at 16.  These documents also indicate that a second RVR

13   hearing was held at which time Plaintiff was permitted to ask questions of various witnesses,

14   including inmate witnesses.  See id. at 17-21.

15          For relief, Plaintiff asks that the RVR be "removed."  Id. at 9.

16

17                              **II.  DISCUSSION**

18          With respect to prison disciplinary proceedings, due process requires prison

19   officials to provide the inmate with: (1) a written statement at least 24 hours before the

20   disciplinary hearing that includes the charges, a description of the evidence against the inmate,

21   and an explanation for the disciplinary action taken; (2) an opportunity to present documentary

22   evidence and call witnesses, unless calling witnesses would interfere with institutional security;

23   and (3) legal assistance where the charges are complex or the inmate is illiterate.  See Wolff, 418

24   U.S. at 563-70.  Due process is satisfied where these minimum requirements have been met, see

25   Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the

26   record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill,

27   472 U.S. 445, 455 (1985).  The "some evidence" standard is not particularly stringent and is

28   satisfied where "there is any evidence in the record that could support the conclusion reached."

                                          4

1   Id. at 455-56.  However, a due process claim challenging the loss of good-time credits as a result

2   of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by

3   way of habeas corpus.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

4          Here, the Court finds that Plaintiff continues to fail to plead a cognizable due

5   process claim.  To state such a claim, Plaintiff must allege facts showing that he was denied the

6   minimal procedural protections outlined above – written notice, an opportunity to present

7   evidence, assistance when necessary, and some evidence supporting the guilty finding.  The

8   documents Plaintiff attaches to the second amended complaint reflect that Plaintiff was provided

9   these protections in the context of the second RVR hearing.  The attached documents also show

10  that there was some evidence to support the finding that Plaintiff possessed an inmate-

11  manufactured weapon.

12

13                            **III.  CONCLUSION**

14         Because it does not appear possible that the deficiencies identified herein can be

15  cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of

16  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

17         Based on the foregoing, the undersigned recommends that this action be dismissed

18  for failure to state a claim.

19         These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

21  after being served with these findings and recommendations, any party may file written

22  objections with the court.  Responses to objections shall be filed within 14 days after service of

23  objections.  Failure to file objections within the specified time may waive the right to appeal.  See

24  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25

26  Dated:  May 15, 2024

27                                          _____
                                            DENNIS M. COTA
28                                          UNITED STATES MAGISTRATE JUDGE

                                            5